UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANA D. HANSEN,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Respondent. | Case No. 2:10-cv-00457-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Petitioner Lana Hansen's ("Petitioner") Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits, filed September 7, 2010. The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record ("AR"), and for the reasons that follow, will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

# PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on October 17, 2006, alleging disability due to degenerative disk disease in her cervical and lumbar spine, as well as chronic obstructive pulmonary disease ("COPD"). This application was denied initially and on reconsideration, and a hearing was held on August 26, 2008, before Administrative Law Judge ("ALJ") Robert Chester. After taking testimony from Petitioner and Ms. Welter, a vocational expert, ALJ Chester issued a decision finding Petitioner not disabled on September 23, 2008. Petitioner timely requested review by the Appeals Council, which granted her request for review and on July 30, 2009, the Appeals Council issued an order vacating the ALJ's decision due to improper evaluation of Petitioner's past relevant work.

A second hearing was held on April 29, 2010, before ALJ R.J. Payne. ALJ Payne heard testimony from Petitioner and medical expert Arthur Larber. ALJ Payne issued a decision finding Petitioner not disabled on May 13, 2010. Petitioner timely requested review by the Appeals Council. The Appeals Council denied her request for review on July 9, 2010, making ALJ Payne's decision the final decision of the Commissioner. Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the second hearing on April 29, 2010, Petitioner was 60 years of age. Petitioner did not receive a high school degree, and completed up to a portion of the ninth grade. Petitioner's prior work experience includes work as a motel clerk and home care provider.

# SEQUENTIAL PROCESS

**MEMORANDUM DECISION AND ORDER - 2**

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's degenerative disc disease of the cervical and lumbar spine and her COPD severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for one of the listed impairments in 20 C.F.R. 416.920(d), 416.925 or 416.926. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner was able to perform her past relevant work as a motel clerk and home care provider. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. Because the ALJ found Petitioner retained the RFC to perform her past relevant work, the ALJ did not proceed to step five.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the

**MEMORANDUM DECISION AND ORDER - 3**

inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can

**MEMORANDUM DECISION AND ORDER - 4**

reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner believes the ALJ erred at steps three and four. Specifically, Petitioner contends her cervical and lumbar spine impairments met the requirements of Listing 1.04. Second, Petitioner contends the ALJ's decision partially rejecting Dr. Rafael Beier's conclusions was in error. And third, Petitioner asserts the ALJ's RFC analysis and finding that Petitioner could return to her past relevant work as a motel clerk was in error. Each of Petitioner's contentions is addressed below.

1. **Listing 1.04**

The ALJ found that Petitioner's impairments did not meet or equal any listing, specifically considering Listing 1.04, impairment of the musculoskeletal system. Petitioner argues that the ALJ's decision was error, given the medical evidence indicated Petitioner suffers from multi-level spinal degenerative disc disease with "likely neural compromise," including either a compressed

**MEMORANDUM DECISION AND ORDER - 5**

or missing disc, radicular pain, and spasms. Petitioner contends her impairment meets Listing 1.04.

If the claimant satisfies the criteria under a listing and meets the twelve month duration requirement, the Commissioner must find the claimant disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that her impairments meet or equal any particular listing. *Bowen v. Yuckert,* 482 U.S 137, 146, n. 5 (1987). If the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or other, as to how her combined impairments equal a listing. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001).

Listing 1.04 states as follows:

> **1.04 Disorders of the spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>     A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); OR
>     B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; OR
>     C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

The Court finds the ALJ's determination that Petitioner's degenerative disc disease does not meet or equal Listing 1.04 to be supported by substantial evidence and therefore

not the product of legal error.[1] The ALJ evaluated Dr. Beier's opinion and medical imaging studies of Petitioner's spine. Dr. Beier performed a consultative orthopedic examination of Petitioner on December 15, 2006. (AR 265—271.) Dr. Beier found that Petitioner had, at most, "slightly decreased range of motion" with respect to flexion and extension of Petitioner's cervical and lumbar spine. She was, however, able to ambulate effectively, walk heel-to-toe, had "normal gait and station," was able to squat and get up without difficulty, and did not require any assistive device to ambulate. Petitioner had normal range of motion during a seated straight leg raise, and only "slightly decreased" range of motion detected during the supine straight leg raise.

A cervical spine x-ray series taken on August 3, 2004, documented that Petitioner has "extensive degenerative disc disease at C4-5, C5-6, and C6-8. Also, there are posterior projecting spurs at these levels that could compromise the neural canal." (AR 264.) A later cervical spine series performed on December 17, 2006, indicated significant arthritic changes involving C3-C4 through and including C6-C7, characterized by disc space narrowing, spurring, and facet degenerative changes. (AR 275.)

ALJ Chester relied upon the medical imaging studies and Dr. Beier's orthopedic examination in concluding Petitioner did not meet Listing 1.04. Substantial evidence supports the ALJ's determination. There is no evidence of nerve root or spinal cord compression, only speculation that, in the future, the spurs "could" compromise the neural canal. Further, the ALJ correctly noted that there was no evidence of lumbar spinal stenosis

---

[1] The ALJ's decision on September 23, 2008, contained a detailed summary of Petitioner's medical history, which the ALJ in his decision on May 13, 2010, adopted in its entirety. (AR 11.) ALJ Payne's decision did not discuss ALJ Chester's prior finding that Petitioner's impairment was not at listing level, considering ALJ Payne was ordered on remand to consider only Petitioner's past work and resolve any conflict between the occupational evidence provided and the information in the Dictionary of Occupational Titles. (AR 8.) Therefore, ALJ Chester's finding regarding Petitioner's listing level is at issue.

**MEMORANDUM DECISION AND ORDER - 7**

established by any medical imaging studies. Dr. Beier concluded Petitioner could ambulate effectively. Further, the ALJ relied upon Dr. Beier's findings that Petitioner had, at worst, slightly decreased range of motion and did not have positive straight-leg raise in both the sitting and supine positions. The Court finds no error, considering this evidence does not meet all of the requirements of either Listing 1.04 A, B, or C.

2. The ALJ's Evaluation of Dr. Beier's Opinion and the RFC Determination

The ALJ concluded that Petitioner could perform a limited range of light work and a wide range of sedentary work based upon his RFC determination. The ALJ determined Petitioner "can occasionally lift up to 20 pounds and frequently lift 10 pounds; sit for one hour at a time; stand and walk for one hour at a time for a total of four hours a day; only occasional overhead reaching with the left arm; only occasional stooping and crouching, but no climbing, crawling, kneeling or unprotected heights; and no concentrated exposure to vibrations/moving machinery." (AR 11.) Based upon the RFC determination, the ALJ concluded Petitioner could perform her past relevant work as a motel clerk and home care provider "as she described/performed them." (AR 13.)

Petitioner argues that the ALJ's RFC analysis improperly rejects Dr. Beier's opinion, which limited Petitioner to sedentary work. (*See* AR 271.) Further, Petitioner contends that, if Dr. Beier's opinion was properly credited, sedentary work would be precluded because Petitioner is limited to standing and walking for one hour at a time for a total of four hours per day, whereas sedentary work contemplates sitting approximately six hours out of an eight hour work day. SSR 83-10. Light work also requires standing or walking, off and on, for a total of six hours out of an eight hour work day, and therefore Petitioner argues light work is similarly precluded based upon SSR 83-10.

**MEMORANDUM DECISION AND ORDER - 8**

Next, Petitioner argues that the finding of the medical expert at the hearing, who testified that Petitioner's shoulder would prevent her from reaching overhead, would preclude Petitioner from sedentary work because sedentary work requires work with arms raised at shoulder level. SSR 83-10. Finally, Petitioner argues that the occupations of motel clerk and home care provider are defined by the Dictionary of Occupational Titles as light and medium level work respectively. Therefore, Petitioner claims she cannot perform her past work based upon the RFC finding.

At the fourth step in the sequential process, the ALJ determines whether the impairment prevents the claimant from performing work which the claimant performed in the past, *i.e.*, whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). A claimant's residual functional capacity is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a). An ALJ considers all relevant evidence in the record when making this determination. *Id*. Generally, an ALJ may rely on vocational expert testimony. 20 C.F.R. § 404.1566(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ must include all limitations supported by substantial evidence in the hypothetical question to the vocational expert, but may exclude unsupported limitations. *Bayliss*, 427 F.3d at 1217.

In reaching his RFC determination, the ALJ considered the medical opinion evidence of Dr. Beier, an examining physician, and Dr. Lorber, the medical expert who testified at the hearing. The Court of Appeals for the Ninth Circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER - 9**

Generally, more weight is accorded to the opinion of a treating source than to nontreating physicians. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).

An ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). An ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial evidence in the record. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995.) "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600–601 (9th Cir. 1999). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003). Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when the opinions are supported by other evidence in the record and are consistent with it. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ's RFC determination relied exclusively upon Dr. Lorber's testimony at the hearing. (AR 12—13.) In making that determination, the ALJ rejected Dr. Beier's conclusion in his consultative note that Petitioner, "with proper vocational rehabilitation could do many other

sedentary type occupations." (AR 13, 271.) The ALJ gave specific and legitimate reasons for rejecting Dr. Beier's conclusion that are supported by substantial evidence in the record. Those reasons included the Petitioner's lack of credibility about the extent of her pain;[2] her failure to seek treatment despite debilitating pain of a level seven out of ten; her conservative course of treatment which consisted of over-the-counter pain medications; and the lack of any treating source or examining source opinion finding Petitioner disabled. The ALJ's reasons meet the Ninth Circuit's standard for rejecting Dr. Beier's opinion limiting Petitioner to sedentary work, and the ALJ therefore did not err.

Petitioner's remaining arguments regarding the ALJ's RFC determination rely primarily upon the definitions of light and sedentary work, as well as upon the occupational descriptions outlined in the Dictionary of Occupational Titles ("DOT"), to discredit the ALJ's conclusion that Petitioner could perform her past relevant work as a motel clerk and home care provider. However, the ALJ concluded that Petitioner could perform these occupations based upon Petitioner's description of her job duties. (AR 13.) "The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" SSR 82-62, 1982 WL 31386 *3. Statements by the Petitioner regarding past work are generally sufficient for determining the occupation's exertional demands. *Id.*

Petitioner described her work as a motel clerk as requiring her to "give rooms to people." (AR 216.) Each day she walked for two hours, stood for one hour, sat for eight hours; she did not

---

[2] The ALJ cited Petitioner's statements to Mr. Scott Gibbs, P.A., who treated Petitioner on February 5, 2007, and January 9, 2007, in support of his credibility determination. Petitioner stated that she was "very interest [sic] in any help to get her on disability. Reports/wonders if her heart good [sic] qualify," and also that she was being worked up for disability for her chronic neck pain, but "otherwise never see [sic] a doctor." (AR 276, 279.)

utilize equipment or technical knowledge, or kneel, crouch, crawl, reach, handle big or small objects, write, lift or carry, supervise, hire, fire, or act as a lead worker. And she lifted no more than ten pounds. (AR 216). Her work as a home care provider consisted of caring for elderly people by cooking, cleaning, and doing the laundry. (AR 217.) She did not utilize equipment or technical knowledge, or kneel, crouch, crawl, reach, handle big or small objects, write, lift or carry, supervise, hire, fire, or act as a lead worker. She lifted no more than ten pounds, and frequently lifted clothes baskets that weighed about three pounds at a time. (AR 217.) It is unclear how many total hours of walking, standing, and sitting Petitioner did, because she described three hours walking, six hours standing, and eight hours sitting, which total more than eight hours per day. Petitioner's description of this work constitutes a sufficient basis for the ALJ's determination that, based upon her RFC, Petitioner could perform her past relevant work as she actually hadperformed it.

Petitioner's argument in reliance upon the DOT and SSR 83-10 is in error. SSR 83-10 applies at the fifth step in the sequential analysis. SSR 83-10, 1983 WL 31251. The policy statement of SSR 83-10 specifically indicates that it applies "at the last step of the sequential evaluation process." 1983 WL 31251 *2. Similarly, the DOT is referred to for "information about the requirements of work in the national economy" at step five of the evaluation process. *Massachi v. Astrue*, 486 F.3d 1149, 1153—54 (9th Cir. 2007). Because the ALJ determined at step four of the sequential evaluation process that Petitioner could perform her past relevant work as she actually performed it, the ALJ did not reach step five.[3] It was not error for him to disregard SSR

---

[3] Petitioner asserts also that the ALJ should have found Petitioner disabled under the "grids." The Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app.2, commonly called the grids, apply at the fifth step of the analysis. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). Again, because the ALJ determined at step four that Petitioner could perform her past relevant work as she actually performed it, and did not commit error, the ALJ was not required to apply the grids.

**MEMORANDUM DECISION AND ORDER - 12**

83-10 and the definitions of light and sedentary work, as well as the general descriptions of home care provider and motel clerk, contained in the DOT.

## CONCLUSION

Substantial evidence supports the ALJ's determination that Petitioner was not disabled because she retained the RFC to perform her past relevant work as she actually performed that work. Therefore, the decision of the Commissioner will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Petition for Review (Dkt. 1) is **DENIED**.

2) The Commissioner's decision finding Petitioner not disabled within the meaning of the Social Security Act is **AFFIRMED** and the petition for review is **DISMISSED**.

Dated: **March 27, 2012**

Honorable Candy W. Dale
United States Magistrate Judge